Filed 4/14/22  P. v. Perez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B314934 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA350813 |
| RONALD RICHARD PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Conforming to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Ronald Richard Perez's counsel filed an opening brief containing a statement of facts but raising no issues. Counsel asks this court to review the record independently and to determine whether any arguable issues exist on appeal. Perez submitted a supplemental brief. We have reviewed the supplemental brief and the record. No arguable issues exist. We affirm. Undesignated statutory citations are to the Penal Code.

I

We recount the pertinent factual and procedural background.

An information charged Perez and two codefendants with murder. Perez and his codefendants are members of the Temple Street gang. The three men pulled up in a Volvo next to an Altima at an intersection. The occupants of the Volvo exchanged words with the driver of the Altima, Jimmy Pineda. The occupants of the Volvo then pulled out two guns and shot several bullets at the Altima. The bullets hit and killed Pineda, a member of rival gang 18th Street. The Volvo sped off, but police captured the three men and recovered two guns from their flight path.

Police found Perez's DNA on one of the recovered guns.

A jury convicted all three men of first degree murder. (§ 187, subd. (a).) The jury found true that the men committed the murder for the benefit of a street gang and that a principal personally discharged a firearm proximately causing death. (§§ 186.22, subd. (b), 12022.53, subds. (d) & (e).) The trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine. The court sentenced each man

2

to 50 years to life: 25 years for the murder charge and 25 years for the gun enhancement.

This court affirmed the judgment on appeal.

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.), Perez petitioned to be resentenced pursuant to section 1170.95. Upon receiving Perez's petition, the trial court appointed counsel for Perez. The prosecutor and counsel for Perez briefed the issue of whether Perez had made a prima facie showing for relief under section 1170.95. After holding a hearing on the issue, the court issued a minute order denying the petition. The court found Perez could not make a prima facie showing of eligibility because the court had not instructed the jury on and neither party argued about felony murder or the natural and probable consequences doctrine.

Perez appealed. His appointed counsel filed a *Wende* brief. Perez filed a supplemental brief.

## II

Perez raises three primary arguments. None has merit.

First, he argues the trial court deprived him of due process by allowing improper gang expert testimony as to his individual mens rea. This, he claims, relieved the prosecution of its burden to show his individual premeditation and deliberation beyond a reasonable doubt and was prejudicial to Perez, who was not one of the shooters.

Second, Perez argues ineffective assistance from counsel denied him a fair trial. Perez bases this argument on counsel's failure to enter into evidence a report he claimed would have shown the officer who testified as the gang expert was biased against him.

3

Each of these arguments improperly attempts to relitigate issues raised in Perez's direct appeal. Neither provides a ground for overturning the court's denial of Perez's section 1170.95 petition.

Perez's final argument is not well-founded. Perez argues the evidence showed he was not one of the shooters and had been attending gang intervention classes to turn his life around. Therefore, Perez asserts, it would be in the interest of justice to vacate his conviction and resentence him. Neither we nor the trial court are at liberty to vacate his conviction in the interest of justice. Only petitioners who meet the statutory criteria may receive relief. Perez does not meet the criteria.

Perez's attorney complied with the responsibilities of counsel. No arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm.


WILEY, J.


We concur:



GRIMES, Acting P. J.        HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.